# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **c/o United States Attorney's Office** | : | |
| **Judiciary Center Building** | : | |
| **555 4th Street, N.W.** | : | |
| **Washington, DC 20530,** | : | **Civil Action No.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **$189,880.00 in U.S. Currency,** | : | |
| | : | |
| **$10,500.00 in U.S. Currency,** | : | |
| | : | |
| **$21,545.70 held in SunTrust Bank** | : | |
| **account number XXXXXXXX60331,** | : | |
| | : | |
| **$86,614.65 held in Bank of America** | : | |
| **account number XXXXXX4145,** | : | |
| | : | |
| **$1,106.75 held in Bank of America** | : | |
| **account number XXXXXX6541,** | : | |
| | : | |
| **and,** | : | |
| | : | |
| **$2,040.49 held in State Department** | : | |
| **Federal Credit Union account** | : | |
| **number XX5354,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United

States Attorney for the District of Columbia, to bring this verified complaint for forfeiture in a civil

action *in rem* against the defendant properties, which are six discrete sums of money seized when

found as cash or on deposit in bank accounts on or about June 19, 2007, and August 6, 2007.  In

support of this cause, plaintiff states as follows:

## NATURE OF THE ACTION AND DEFENDANTS *IN REM*

1.       This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. §
881(a)(6), and 18 U.S.C. § 981(a)(1).

2.       Pursuant to 21 U.S.C. § 881(a)(6), property is subject to forfeiture to the United
States if it is "moneys, negotiable instruments, securities, or other things of value furnished or
intended to be furnished by any person in exchange for a controlled substance, . . . proceeds
traceable to such an exchange, and all moneys, negotiable instruments, and securities used or
intended to be used to facilitate" any violation of Title II of Pub.L. 91-513, popularly known as the
Controlled Substances Act, as amended, codified at 21 U.S.C. § 801, *et seq.*

3.       Pursuant to 18 U.S.C. § 981(a), property is subject to forfeiture to the United States
if it is "involved in a transaction or attempted transaction in violation" of the anti-money-laundering
provisions of 18 U.S.C. §§ 1956 or 1957, "or any property traceable to such property."

4.       The defendant properties are six discrete sums of money, which sworn law
enforcement agents seized at various times and places on or about June 19, 2007, and August 6,
2007.  These six defendants more fully are described as:

(a) $189,880.00 in United States currency, which was found on June 19, 2007,
during the execution of a warrant to search the property at a specific address in the
4900 block of Brentley Road in Temple Hills, Maryland;

(b) $10,500.00, in U.S. currency, which was found on June 19, 2007, during the
search of a 1998 Chevrolet K2500 model truck-type automobile owned by Mr.
Lonnell G. Glover (hereafter called, "Mr. Glover");

(c) the sum of $21,545.70, being the funds on deposit on June 19, 2007, in Suntrust
Bank account number XXXXXXXX60331, held in the name of Mr. Glover; agents
of the United States government obtained these funds pursuant to a warrant issuing
from the U.S. District Court for the District of Columbia in case number 07-295m;

-2-

(d) the sum of $86,614.65, being the funds on deposit on June 19, 2007, in Bank of America account number XXXXXX4145, held in the name of Chances Enterprises; a company owned by Mr. Glover; agents of the United States government obtained these funds pursuant to a warrant issuing from the U.S. District Court for the District of Columbia in case number 07-296m;

(e) the sum of $1,106.75, being the funds on deposit on June 19, 2007, in Bank of America account number XXXXXX6541, held in the name of Chances Enterprises; a company owned by Mr. Glover; agents of the United States government obtained these funds pursuant to a warrant issuing from the U.S. District Court for the District of Columbia in case number 07-297m; and,

(f) the sum of $2,040.49, being the funds on deposit on August 6, 2007, in the State Department Federal Credit Union account number XX5354, held in the name of Mr. Glover; agents of the United States government obtained these funds pursuant to a warrant issuing from the U.S. District Court for the District of Columbia in case number 07-397m.

The defendant properties are in the custody of an agency of the United States government.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress.  Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture action or proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395 because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found.  The defendant property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

6.      This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, the Federal Rules of Civil Procedure, and the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions, particularly Rule G.

## STATEMENT OF FACTS

7.    On June 12, 2007, a grand jury handed up an indictment in the United States District Court for the District of Columbia in United States v. Lonnell G. Glover, *et al.*, Criminal Number 07-0153 (ESH) (hereinafter called, "the indictment").  The indictment charged Mr. Glover, Mr. Herbert Francis Young (hereafter called, "Mr. Young"), Mr. John Henry Smith, also known as "Smitty" (hereafter called, "Mr. Smith"), and sixteen other defendants with an unlawful Conspiracy To Distribute and To Possess With Intent to Distribute One Kilogram or More of Phencyclidine and One Kilogram or More of Heroin, in violation of Title 21, United States Code, Section 846, a provision of the Controlled Substances Act (hereinafter called, "the conspiracy").  The indictment charged that the conspiracy lasted from on or about August 1, 2005, up to and including June 11, 2007, and took place in the District of Columbia, Maryland, and elsewhere.

8.    Upon information and belief, during the time of the conspiracy, Mr. Glover had no lawful employment and spent much of his time arranging illegal drug transactions.

9.    Upon information and belief, during the time of the conspiracy, Mr. Glover derived no significant income other than from the proceeds of the indicted conspiracy.

10.    On March 23, 2007, Mr. Glover met with Mr. Smith, who transported and delivered to Mr. Glover a suitcase containing heroin, a controlled substance.

11.    Immediately after Mr. Smith delivered the heroin to Mr. Glover on March 23, 2007, the two had a conversation in which they discussed that Mr. Smith recently had returned from the New York metropolitan area after obtaining a shipment of heroin.

12.    In May 2007, Mr. Glover and Mr. Smith had at least seven conversations in which

they discussed in coded language their illegal drug-trafficking activities.

13.    On May 23, 2007, Mr. Glover and Mr. Smith met and discussed pooling their money together in order to purchase larger quantities of heroin from their supplier in the New York City area, and also discussed how to pick up their heroin shipment and pay their supplier.

14.    Upon information and belief, during the time of the conspiracy, Mr. Glover regularly tried to hide and "launder" proceeds of the conspiracy through a front company known as Chances Enterprises.

15.    Mr. Glover has been the owner of Chances Enterprises since it was founded.

16.    Chances Entrerprises is registered to an address in the 1800 block of M Street, N.E., Washington, D.C.

17.    This address also is that of Mr. Glover's mother's home.

18.    The building that is Mr. Glover's mother's home and Chances Enterprises' corporate address did not house a legitimate operating business during the time of the conspiracy.

19.    The building is in the middle of a residential neighborhood between Bladensburg Road, N.E., and Maryland Avenue, N.E., north of the old Hechinger Mall. In this specific block, all of the buildings are residential, mostly attached row-houses, a few four-unit apartment buildings, and one larger apartment building. There are no buildings showing signs of commercial enterprises or even corner stores.

20.    Upon information and belief, no corporate filings and no UCC filings were made on behalf of Chances Enterprises after January 1, 2006.

21.    Upon information and belief, during the time of the conspiracy, Chances Enterprises was a "shell" or "front" company with no actual lawful business operation or purpose.

22.    During part or all of the time of the conspiracy, Chances Enterprises maintained in its name an account with the financial institution known as Bank of America, number XXXXXX4145.

23.    During part or all of the time of the conspiracy, Chances Enterprises maintained in its name an account with the financial institution known as Bank of America, number XXXXXX6541.

24.    Upon information and belief, during the time of the conspiracy, the true purpose of Chances Enterprises and its accounts at the Bank of America was to receive deposits of cash proceeds of the conspiracy to distribute and possess with intent to distribute controlled substances, for which the grand jury indicted Mr. Glover and others.

25.    Upon information and belief, during the time of the conspiracy, Mr. Glover and his co-conspirators arranged for cash proceeds from the unlawful drug-distribution conspiracy to be deposited into Chances Enterprises's Bank of America accounts.

26.    On or about June 3, 2007, sworn law enforcement agents seized about $175,000 in cash associated with the unlawful drug-distribution conspiracy involving Mr. Glover.  Upon information and belief, Mr. Glover and his co-conspirators specifically intended for this cash to be used in making an unlawful purchase of a controlled substance.

27.    Because of the risk of losing use of large sums of cash during the time of the conspiracy alleged in the indictment, as shown by the seizure of about $175,000 on or about June 3, 2007, Mr. Glover and his co-conspirators arranged for deposits of proceeds of the unlawful drug-distribution conspiracy to be made into bank accounts that either were held in Mr. Glover's name or that he controlled through Chances Enterprises.

-6-

28.    Mr. Glover and his co-conspirators caused these deposits to be made both for the money's safekeeping to facilitate the conspiracy and to conceal the existence of its cash proceeds and their source and origin.

29.    During the period of the conspiracy, Mr. Glover used his cellular telephone to instruct co-conspirators and others to deposit proceeds of the conspiracy into bank accounts that either were held in Mr. Glover's name or that he controlled through Chances Enterprises.

30.    On May 31, 2007, at 3:30 p.m., Mr. Glover received a telephone call from Mr. Young, and Mr. Glover said "Hey, but, um, I'm gonna need you to deposit some money in my, one of my accounts."

31.    Mr. Young agreed and asked for the account number, as well as whether Mr. Glover wanted the money deposited into Mr. Glover's Bank of America bank accounts or his Suntrust bank account.

32.    Mr. Glover suggested that Bank of America would be better because it has more branches.

33.    Mr. Glover then provided an account number ending with the four digits "4145."

34.    Mr. Young asked how much Mr. Glover wanted deposited, and Mr. Glover responded "six." Mr. Glover then asked Mr. Young to "put two in that one and four in this other one, I'm gonna give you another one."

35.    Mr. Young asked if the second account was also a Bank of America account, and Mr. Glover said that it was.

36.    Mr. Glover then provided a second account number, which ended with the four digits "6541."

37.    Mr. Young stated that he would make the deposit in the morning and call Mr. Glover when the money had been deposited.

38.    On June 1, 2007, at about 1:53 p.m., Mr. Glover received a telephone call from Mr. Young, who told Mr. Glover that the first account number given the day before was incorrect.

39.    Mr. Glover then provided an account number ending with the four digits "4145."

40.    Mr. Young asked "If she has problems with it, you want to put the whole (unintelligible) in the other one or?"

41.    Mr. Glover instructed Mr. Young to deposit the money into the account number he (Glover) provided and advised that he could transfer the money into the second account.

42.    Mr. Young then clarified "Okay, so, so if she, if she has problems pulling this one up, then just put it in the other one." Mr. Glover agreed.

43.    At about 2:06 p.m., Mr. Glover received a telephone call from Mr. Young, who advised "I said it's being sent now, so it should be there in about the next, a, a, a twenty minutes, the next fifteen, twenty minutes, half hour."

44.    On June 19, 2007, sworn law enforcement officers executed a warrant to search the property and residence at a specific address in the 4900 block of Brentley Road in Temple Hills, Maryland.

45.    This property and residence in the 4900 block of Brentley Road, Temple Hills, Maryland, was Mr. Glover's home on June 19, 2007.

46.    On June 19, 2007, during the execution of the federal search warrant at Mr.Glover's home on Brentley Road, law enforcement agents found $189,880.00 in U.S. currency and seized it. This currency is one of the defendant properties.

47.     In the course of searching Mr. Glover's home on June 19, 2007, police agents also found: (1) six full, 32-ounce bottles containing the controlled substance phencyclidine (PCP); (2) two 16-ounce bottles containing phencyclidine, one full and one partly full; and (3) three handguns, plus at least five ammunition magazines for the pistols.

48.     On June 19, 2007, law enforcement agents found $10,500.00 in U.S. currency in a a 1998 Chevrolet K2500 model truck-type automobile which belonged to Mr. Glover, and seized the money.  The automobile had been found where officers had arrested Mr. Glover earlier that day. The cash was in the vehicle's backseat on the floor.  This currency is one of the defendant properties.

49.     On or about June 19, 2007, law enforcement agents executed a warrant issued in case number 07-0295m to seize the funds on deposit in Suntrust Bank account number XXXXXXXX60331, held in the name of Mr. Glover.  As a result, the agents obtained the sum of $21,545.70, one of the defendant properties.

50.     On or about June 19, 2007, law enforcement agents executed a warrant issued in case number 07-0296m to seize the funds on deposit in Bank of America account number XXXXXX4145, held in the name of Chances Enterprises, a company owned by Mr. Glover.  As a result, agents obtained the sum of $86,614.65, one of the defendant properties.

51.     On or about June 19, 2007, law enforcement agents executed a warrant issued in case number 07-0297m to seize the funds on deposit in Bank of America account number XXXXXX6541, held in the name of Chances Enterprises, a company owned by Mr. Glover.  As a result, agents obtained the sum of $1,106.75, one of the defendant properties.

52.     On August 6, 2007, law enforcement agents executed a warrant issued in case number

07-0397m to seize the funds on deposit in State Department Federal Credit Union account number XX5354, held in the name of Mr. Glover. As a result, agents obtained the sum of $2,040.49, one of the defendant properties.

53.    After the defendant properties had been seized, the Federal Bureau of Investigation (hereafter called, "FBI") began procedures to forfeit the defendant properties to the U.S. government by an administrative, non-judicial process, and the FBI gave notice of this to Mr. Glover.

54.    On or about August 31, 2007, the FBI received from Mr. Glover a written claim of ownership of the defendant properties.

55.    After receiving Mr. Glover's claim to the defendant properties, the FBI halted the administrative forfeiture process and referred the matter for forfeiture through the judicial process.

## COUNT ONE

1.    The factual statements made in paragraphs 1 through 55 are re-alleged and incorporated by reference herein.

2.    All six defendant properties are moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq.*

3.    As such, all six defendant properties are subject to forfeiture to the United States.

## COUNT TWO

1.    The allegations contained in paragraph numbers 1 through 55 are re-alleged and incorporated, herein, by reference.

2.    The four defendant properties, $21,545.70 in funds from SunTrust

XXXXXXXX60331, $86,614.65 in funds from Bank of America Bank account # XXXXXX4145,

$1,106.75 in funds from Bank of America Bank account # XXXXXX6541, and $2,0400.49 in funds

from State Department Federal Credit Union account number XX5354, are properties involved in

a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957.

3.      As such these four defendant properties are subject to forfeiture to the United States.

**WHEREFORE**, the plaintiff prays that, as to the above-referenced defendant properties, due

process and a warrant of arrest *in rem* issue according to law; that, pursuant to law, notice be

provided to all interested parties to appear and show cause why the forfeiture should not be decreed

and the defendant properties be condemned as forfeited to the United States of America; and for

such other and further relief as this Court may deem just, necessary and proper.

Respectfully submitted,

*/s/ Jeffrey A. Taylor*
JEFFREY TAYLOR, D.C. Bar No. 498610
UNITED STATES ATTORNEY

*/s/ William R. Cowden*
WILLIAM R. COWDEN, D.C. Bar No. 426301
Assistant United States Attorney

*/s/ Barry Wiegand*
BARRY WIEGAND, D.C. Bar No. 424288
Assistant United States Attorney
Criminal Division, Asset Forfeiture Unit
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
(202) 307-0299
William.B.Wiegand@USDoJ.Gov

## <u>VERIFICATION</u>

I, Timothy Pak, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *In Rem* is based upon reports and information known to me and/or furnished to me by law enforcement agents and that everything represented herein is true and correct to the best of my knowledge and belief.

Executed on this ___ day of November 2007.


_____
Timothy Pak
Special Agent
Federal Bureau of Investigation

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

United States of America

**DEFENDANTS** Property Identified as: $189,800.00 in United States Currency, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

☐ **E. General Civil (Other)** OR ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☒ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ **G.  Habeas Corpus/ 2255** | □ **H.  Employment Discrimination** | □ **I.  FOIA/PRIVACY ACT** | □ **J.  Student Loan** |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| □ **K.  Labor/ERISA (non-employment)** | □ **L.  Other Civil Rights (non-employment)** | □ **M.  Contract** | □ **N.  Three-Judge Court** |
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V.  ORIGIN**

XX 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify)    □ Multi district Litigation    □ 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

21 U.S.C. section 881, 18 U.S.C. section 981, 18 U.S.C. sections 1956, 1957 and 1960 (violation of Controlled Substances Act)                                        (money laundering)

**VII.  REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:  □ YES    XX NO

**VIII.  RELATED CASE(S) IF ANY**    (See instruction)    ☒ YES    □ NO    If yes, please complete related case form.

DATE  11/29/07    SIGNATURE OF ATTORNEY OF RECORD    W. Barry Wiegand    *Barry Wiegand*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form