**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civil Action No. 07-2156 (ESH)** |
| **$189,880.00 in U.S. Currency,** | : | |
| **$10,500.00 in U.S. Currency,** | : | |
| **$21,545.70 held in SunTrust Bank account number XXXXXXXX60331,** | : | |
| **$86,614.65 held in Bank of America account number XXXXXX4145,** | : | |
| **$1,106.75 held in Bank of America account number XXXXXX6541,** | : | |
| **and,** | : | |
| **$2,040.49 held in State Department Federal Credit Union account number XX5354,** | : | |
| **Defendants.** | : | |
| **LONNELL G. GLOVER,** | : | |
| **Claimant.** | : | |

**PLAINTIFF'S MOTION TO STAY, PLEADING IN ANSWER TO MR. GLOVER'S PRO SE RESPONSE TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM*, AND SUPPORTING MEMORANDUM**

***COMES NOW***, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to move for a stay of proceedings in this civil forfeiture action until 30 days after the return of a verdict in a related criminal case, United States v. Lonnell

G. Glover, *et al.*, Crim. No. 07-0153 (ESH). Plaintiff files this motion after receiving copies of what appear to be a claim to the defendant properties and a motion for a stay, both seemingly made *pro se* by the same Mr. Lonnell Glover, who is an indicted criminal defendant in the related criminal case. In support of this motion and in response to Mr. Glover's *pro se* pleadings, plaintiff respectfully submits as an incorporated Memorandum of Law the points and authorities cited below:

## I. **BACKGROUND**.

1. On November 29, 2007, the government brought this civil action *in rem* against the defendant properties, claiming that they should be forfeited to the United States because of their ties to alleged drug-trafficking and money-laundering crimes. See 21 U.S.C. § 881(a), 18 U.S.C. § 981 (authorizing forfeiture of property based on links to particular crimes). The defendant properties are sums of money, either amounts of cash or funds on deposit in bank accounts, which were seized in June and August 2007. Police seized the cash on June 19, 2007, in amounts of $189,880 from the home of Mr. Lonnell G. Glover in Maryland and $10,500 from a car Mr. Glover owned. Police seized the other defendant moneys from bank accounts, which Mr. Glover maintained in his name or in the name of a company he owned and controlled. Mr. Glover also is the lead criminal defendant in United States v. Lonnell G. Glover, *et al.*, Crim. No. 07-0153 (ESH). In that case, a grand jury indicted Mr. Glover and others on charges of unlawful conspiracy and related crimes of unlawful possession and distribution of controlled substances, in violation of the Controlled Substances Act, codified at 21 U.S.C. §§ 801, *et seq.* In this civil forfeiture action, the government asserts that the defendant moneys are the proceeds of the drug-related offenses charged in the criminal prosecution, or that they are subject to forfeiture because they were involved in money-laundering crimes.

2. On January 4, 2008, this Court "fiated" and the clerk filed two documents, both styled **PRO SE RESPONSE TO VERIFIED COMPLAINT FOR FORFEITURE *IN REM***. Both bear an internal date of December 7, 2007. The papers appear to have been filed in United States v. Lonnell G. Glover, *et al.*, Crim. No. 07-0153 (ESH), but not in United States v. $189,889.99, *et al.*, Civ. Act. 07-02156 (ESH). Both documents list the parties as the United States and the defendant properties in Civil Action 07-2156 (ESH), but they carry "Case No. 07-0153 (ESH)." One of the documents states, "I Lonnell Glover, deny all the allegation of the complaint. Mr. Glover claims a legal interest in all of the monies seized in the forfeiture action. . . ." The other document states, "I Lonnell Glover, request a stay of the proceedings until the conclusion of my criminal case and trail. . . ." [*sic*]. Both have a signature, "Lonnell Glover."

3. Without acknowledging that either document constitutes a properly filed claim in this civil action, or that they make Mr. Glover a proper claimant or party to it, plaintiff states that it does not object to a stay of these forfeiture proceedings until 30 days after the jury renders a verdict in the related criminal case. To facilitate matters, plaintiff has filed this motion for a stay, presuming that Mr. Glover does not oppose it.

4. At the time that plaintiff makes this motion, the Court's electronic docketing system shows that no party has filed a claim in this civil forfeiture action, which is a prerequisite to entering the case to defend the forfeiture claim. See 18 U.S.C. § 983(a)(4); Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(5). Although no claim had then been filed in this action, on December 14, 2007, the Court extended the time for Mr. Glover to file an answer until January 30, 2008, without objection from the government. Also at the time that plaintiff makes this motion, the Court has set a hearing for ascertainment of counsel for Mr. Glover,

and it does not appear that he has permanent counsel in the related criminal case.

5.   This civil forfeiture proceeding is related to the prosecution of the criminal investigation, United States v. Lonnell G. Glover, *et al.*, Crim. No. 07-0153 (ESH).  When plaintiff brought this civil forfeiture action on November 29, 2007, it also filed a "Notice of Related Case" citing United States v. Lonnell G. Glover, *et al.*, Crim. No. 07-0153 (ESH), pursuant to LCvR 40.5.  Plaintiff asserts that the civil discovery in which Mr. Glover is certain to engage in this forfeiture proceeding will seek information to which he would have no right under the Federal Rules of Criminal Procedure for discovery.  Responding to such civil discovery will adversely affect the government's ability to conduct the prosecution of the related criminal case.  Further, plaintiff acknowledges the likelihood that continuation of this forfeiture proceeding will burden Mr. Glover's right against self-incrimination in the related criminal case.[1]

## II.  **GOVERNING LAW**.

3.   Title 18, U.S.C. § 981, authorizes the civil forfeiture of certain property based on its connection to various crimes, and § 981(g) authorizes a stay of civil forfeiture proceedings. Similarly, 21 U.S.C. § 881 authorizes civil forfeiture of property based on its connection to certain drug-related offenses, and § 881(I) authorizes a stay of civil forfeiture proceedings under the provisions of 18 U.S.C. § 981(g).

---

[1] To seek a stay, Mr. Glover must (A) be the subject of a related criminal investigation or case; and, (B) have standing to assert a claim in the civil forfeiture proceedings.  See 18 U.S.C. § 981(g)(2).  Plainly, Mr. Glover is the subject of a related criminal case.  For the purposes of this motion for a stay *only*, plaintiff agrees that Mr. Glover has standing to assert a claim in this civil forfeiture proceeding.  But, plaintiff does not waive its right to dispute that issue at a later stage of this action.  See 18 U.S.C. § 981(g)(7) (court's determination that claimant has standing when seeking stay does not preclude government from objecting to claimant's standing in dispositive motion or at time of trial).

4. Subsection 981(g)(1) governs a stay on a motion by the United States, and § 981(g)(2) controls a claimant's motion for a stay. The United States may seek a stay if "civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1). A claimant may seek a stay if "continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case." 18 U.S.C. § 982(g)(2).

5. As noted, plaintiff accepts that there is a reasonable basis in fact and in law for Mr. Glover to assert that his right against self-incrimination will be burdened by responding to the government's likely requests for civil discovery. Plaintiff is certain that Mr. Glover's requests for discovery will affect adversely the government's ability to prosecute the related criminal case. Consequently, plaintiff asks the Court to stay proceedings in this action until 30 days after the return of a verdict in United States v. Lonnell G. Glover, *et al.*, Crim. No. 07-0153 (ESH). If the Court grants this motion, plaintiff will move to convene a status hearing in this action following the verdict, or otherwise advise the Court when the stay may be dissolved.

6. As it appears that Mr. Glover is proceeding *pro se*, and he is detained pending trial in the criminal case, undersigned counsel has been unable to contact him to ascertain his position on this motion. But, Mr. Glover's most recent *pro se* pleadings indicate that he wants a stay. A proposed order granting this motion is attached.

***WHEREFORE***, plaintiff prays this Honorable Court to grant this motion, to stay proceedings in this matter, and to issue the attached proposed order.

Respectfully submitted,

/s/ ______________________________

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/

Barry Wiegand, DC Bar #424288
Assistant United States Attorney
555 4th Street N.W.
Washington, DC 20530
(202) 307-0299 (with voice-mail)
(202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov (e-mail)
Counsel for Plaintiff United States

I HEREBY CERTIFY that a copy of this pleading and the attached motion and proposed order will be served on Mr. Lonnell G. Glover, either by posting a copy to him at the place of his detention pending trial on or before January 9, 2008, or by transmitting a copy of it to whomever enters her appearance as counsel for Mr. Glover either in this action or in the related criminal case, as soon as I learn that this has occurred. Additionally, I have had a copy of this motion and proposed order deposited in the U.S. mails, in an envelope to which sufficient postage for first-class delivery has been affixed, addressed to Mr. Thomas Abbenante, Esq., Attorney at law, 1919 Pennsylvania Avenue, N.W., Suite 200, Washington, D.C. 20006, (202) 223-6539 (o), and I have e-mailed a copy to Mr. Abbenante, as well.

/s/

Barry Wiegand
Assistant U.S. Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**$189,880.00 in U.S. Currency,**

**$10,500.00 in U.S. Currency,**

**$21,545.70 held in SunTrust Bank account number XXXXXXXX60331,**

**$86,614.65 held in Bank of America account number XXXXXX4145,**

**$1,106.75 held in Bank of America account number XXXXXX6541,**

**and,**

**$2,040.49 held in State Department Federal Credit Union account number XX5354,**

**Defendants.**

---

**LONNELL G. GLOVER,**

**Claimant.**

---

**Civil Action No. 07-2156 (ESH)**

**ORDER**

This matter came before the Court on plaintiff's motion for a stay of the proceedings in this civil forfeiture action, pursuant to 18 U.S.C. § 981(g) and 21 U.S.C. § 881. This followed the filing of what appears to be a *pro se* motion to the same effect by Mr. Lonnell Glover, who is an indicted defendant in the case of United States v. Lonnell G. Glover, Crim. No. 07-0153 (ESH). Upon

consideration of the representations in that motion, and the entire record herein, the Court determines that: (1) civil discovery will affect adversely the ability of the Government to prosecute a related criminal case; and, (2) claimants's rights against self-incrimination will be burdened in a related criminal case by continuation of the proceedings of this action, at least until 30 days following the return of a verdict in the related criminal case, United States v. Lonnell G. Glover, Crim. No. 07-0153 (ESH).[1]  Therefore, it is by the Court this ____ day of January 2008,

ORDERED, that plaintiff's motion for a stay of proceedings in this action be, and the same hereby is, GRANTED; and it is further

ORDERED, that Mr. Lonnell G. Glover's *pro se* motion for a stay, while granted in substance by this order, otherwise is DENIED, as moot; and it is further

ORDERED, that proceedings in this action be, and the same hereby are, STAYED, until further order of the Court; and it is further

ORDERED, that within 30 days following the return of a verdict in the related criminal case, United States v. Lonnell G. Glover, Crim. No. 07-0153 (ESH), plaintiff shall move the Court to

---

[1] Based upon plaintiff's acknowledgment of these points, as this is limited in its motion, the Court also has determined for purposes of the stay motion *only*, that claimant is a subject of a related criminal investigation or case and has standing to assert a claim in this action.

convene a status hearing in this action, or otherwise advise the Court when the stay may be dissolved.

SO ORDERED.

_________________________ ______________________________________________

Dated

ELLEN S. HUVELLE
United States District Judge

cc: Lonnell G. Glover,
c/o U.S. Marshals Service
D.C. Jail

Mr. Thomas Abbenante, Esq.
Attorney at law
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
(202) 223-6539 (o)

Barry Wiegand
Assistant United States Attorney
555 4th Street N.W., Asset Forfeiture Unit, fourth floor
Washington, DC 20530
(202) 307-0299 (with voice-mail); (202) 514-8707 (Telefax)
William.B.Wiegand@USDoJ.Gov