# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| UNITED STATES OF AMERICA, <br>      Plaintiff, <br> v. <br> $189,880.00 IN U.S. CURRENCY, *et al.*, <br>      Defendants, <br> -and- <br> LONNELL G. GLOVER, <br>      Claimant. |

Civil Action No. 07-2156 (TFH)

## **MEMORANDUM OPINION**

This is a civil *in rem* action in which the United States (the "government") seeks the forfeiture of six sums of money it seized in 2007 during the criminal investigation and prosecution of the claimant, Lonnell G. Glover. *See* Verified Compl. for Forfeiture *In Rem* ¶¶ 1, 49–52 [ECF No. 1]. Pending before the Court is the Government's Motion for Summary Judgment [ECF No. 26], which was filed on July 18, 2019. On July 23, 2019, the Court issued a *Fox/Neal* order advising Glover to respond to the government's motion by August 30, 2019 and warning him of the consequences of failing to respond. *See Fox/Neal* Order [ECF No. 27]. Glover never responded to the government's motion.

**I. Summary Judgment Standard**

To prevail on summary judgment, the government must show that there are no genuine disputes of material fact and it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The Court must view all evidence in the light most favorable to the nonmoving party and

"draw all reasonable inferences in favor of the nonmoving party." *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011).

The evidence the Court may consider when passing on a summary judgment motion consists of "materials specified in Federal Rule of Civil Procedure 56(c) as well as any material that would be admissible or usable at trial." *Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 145 (D.C. Cir. 2011) (internal quotation marks omitted). Pursuant to Rule 56(c), the Court is not limited to the evidence cited by the parties but also "may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In addition, the Rules of the United States District Court for the District of Columbia (referred to as the "local rules") state that "[i]n determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." LCvR 7(h)(1)[1]; *see also* Fed. R. Civ. P. 56(e).

Although Glover failed to file an opposition to the government's motion for summary judgment, the Court may not deem the government's motion to be conceded and "must . . . determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) (quoting *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring)).

## II. Analysis

Civil forfeiture proceedings are governed by 18 U.S.C. § 983, which provides that "[i]n a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property . . .

---

[1] The local rules are available on the Court's public website at https://www.dcd.uscourts.gov/sites/dcd/files/LocalRulesJanuary_2019.pdf.

the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." Here, the government's principal argument in favor of summary judgment is that the plea agreement that Glover executed on February 13, 2017 in his criminal case, *United States v. Glover*, No. 07-0153 (TFH), memorializes his promise to forfeit the property that is the subject of this civil *in rem* action. *See* Gov't's Mem. of P. & A. In Supp. of Mot. for Summ. J. 5 (ECF No. 26-2) (arguing that "Glover's guilty plea, in which he forfeited all interest in the Seized Properties, necessitates summary judgment as a matter of law"); *see also* Gov't's Statement of Undisputed Material Facts ¶¶ 38-41 [ECF No. 26-1] and Plea Agreement ¶ 14 [ECF No. 26-5].

As part of his plea agreement, Glover agreed that (1) he was responsible for the criminal conduct described in the proffer of evidence, (2) the proffer of evidence supporting his guilty plea was "sufficient evidence to support th[e] forfeiture," and (3) the Consent Order of Forfeiture entered by the Court at the time of his guilty plea would become final when issued and "be a part of the sentence pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)." Plea Agreement ¶ 14; *see also* Gov't's Proffer of Proof in Supp. of Def.'s Plea of Guilty [ECF No. 26-5]. On April 3, 2019, the D.C. Circuit affirmed Glover's conviction and found that he entered into his plea agreement knowingly, intelligently, and voluntarily. *United States v. Glover*, No. 17-3034 (D.C. Cir. April 3, 2019) [ECF No. 26-6]. Glover has failed to controvert these facts, so the Court finds that it is undisputed that Glover agreed to forfeit the property that is the subject of this *in rem* action in his plea agreement. *See United States v. Real Property Located at (Redacted) Layton, Utah 84040*, 830 F. Supp. 2d 1279 (D. Utah 2011) (finding no genuine issue of material fact as to summary judgment in a civil forfeiture proceeding where defendants pled

3

guilty to the underlying criminal offense and agreed to forfeit all rights, titles and interests in the subject property in connection with their guilty pleas).

The Court finds that there are no genuine disputes of material fact and that the government has demonstrated by a preponderance of the evidence that the property that is the subject of this *in rem* action is subject to forfeiture. The Court therefore concludes that the record and the undisputed material facts justify granting summary judgment in favor of the government.

### III.  Conclusion

For all these reasons, the Court will grant the Government's Motion for Summary Judgment [ECF No. 26]. An order consistent with this Memorandum Opinion will be filed contemporaneously.

January 23rd 2020

THOMAS F. HOGAN
United States District Judge